**David A. Bledsoe**, OSB No. 85154
dbledsoe@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Telephone: (503) 727-2000
Facsimile: (503) 727-2222

**Paul D. Ackerman**
ackerman.paul@dorsey.com
DORSEY & WHITNEY, LLP
250 Park Avenue
New York, NY 10177-1500
Telephone: (212) 415-9200
Facsimile: (212) 953-7201

Attorneys for Defendants, Suss Microtec Inc. and
Syntek Instrumentation & Control, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

**CASCADE MICROTECH, INC.,**

Plaintiff,

v.

**SUSS MICROTEC INC. and SYNTEK INSTRUMENTATION & CONTROL, INC.,**

Defendants.

NO. CV 06 80 (HA)

**ANSWER TO COMPLAINT WITH AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

By Defendants Suss Microtec Inc. and Syntek Instrumentation & Control, Inc.

Defendants Suss MicroTec Inc. ("Suss") and Syntek Instrumentation & Control, Inc. ("Syntek") hereby provide their answer to the Complaint for Patent Infringement by Cascade Microtech, Inc. ("Cascade") dated January 18, 2006, in corresponding numbered paragraphs as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted that an action for patent infringement arises under 35 U.S.C. § 1 *et seq*.

5. Admitted that U.S. Patent No. 5,237,267 ("the '267 patent") entitled WAFER PROBE STATION HAVING AUXILIARY CHUCKS issued on August 17, 1993. It is further admitted that, on the face of the '267 patent, Cascade is listed as the assignee, and that Warren K. Harwood, Paul A. Tervo and Richard H. Warner are listed as inventors. Otherwise, the allegations in paragraph 5 of the complaint are denied.

6. Admitted that U.S. Patent No. 6,002,263 ("the '263 patent") entitled PROBE STATION HAVING INNER AND OUTER SHIELDING issued on December 14, 1999. It is further admitted that, on the face of the '263 patent, Cascade is listed as the assignee, and that Ron A. Peters, Leonard A. Hayden, Jeffrey A. Hawkins and R. Mark Dougherty are listed as inventors. Otherwise, the allegations in paragraph 6 of the complaint are denied.

7. Admitted that U.S. Patent No. 6,232,788 ("the '788 patent") entitled WAFER PROBE STATION FOR LOW-CURRENT MEASUREMENTS issued on May 15, 2001. It is further admitted that, on the face of the'788 patent, Cascade is listed as the assignee, and that Randy J. Schwindt, Warren K. Harwood, Paul A. Tervo, Kenneth R. Smith and Richard H. Warner are listed as inventors. Otherwise, the allegations in paragraph 7 of the complaint are denied.

8. Admitted that U.S. Patent No. 6,288,557 ("the '557 patent") entitled PROBE STATION HAVING INNER AND OUTER SHIELDING issued on September 11, 2001. It is further admitted that, on the face of the '557 patent, Cascade is listed as the assignee, and that Ron A. Peters, Leonard A. Hayden, Jeffrey A. Hawkins and R. Mark Dougherty are listed as Inventors. Otherwise, the allegations in paragraph 8 of the complaint are denied.



**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: (503) 727-2000
Fax: (503) 727-2222

9. Admitted that U.S. Patent No. 6,492,822 ("the '822 patent") entitled WAFER PROBE STATION FOR LOW-CURRENT MEASUREMENTS issued on December 10, 2002. It is further admitted that, on the face of the '822 patent, Cascade is listed as the assignee, and that Randy J. Schwindt, Warren K. Harwood, Paul A. Tervo, Kenneth R. Smith and Richard H. Warner are listed as inventors. Otherwise, the allegations in paragraph 9 of the complaint are denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

Suss and Syntek deny that Cascade is entitled to any of the remedies set forth in its prayer.

FIRST AFFIRMATIVE DEFENSE

(Non-Infringement)

21. Suss and Syntek do not engage in any activity that infringes, contributes to infringement or induces infringement of any valid and enforceable claim of the '267 patent.

22. Suss and Syntek do not engage in any activity that infringes, contributes to infringement or induces infringement of any valid and enforceable claim of the '263 patent.



**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: (503) 727-2000
Fax: (503) 727-2222

23. Suss and Syntek do not engage in any activity that infringes, contributes to infringement or induces infringement of any valid and enforceable claim of the '788 patent.

24. Suss and Syntek do not engage in any activity that infringes, contributes to infringement or induces infringement of any valid and enforceable claim of the '557 patent.

25. Suss and Syntek do not engage in any activity that infringes, contributes to infringement or induces infringement of any valid and enforceable claim of the '822 patent.

SECOND AFFIRMATIVE DEFENSE

(Invalidity)

26. The '267 patent fails to satisfy one or more requirements for patentability set forth in Title 35 of the United States Code, and therefore, one or more of the claims of the '267 patent are invalid.

27. The '263 patent fails to satisfy one or more requirements for patentability set forth in Title 35 of the United States Code, and therefore, one or more of the claims of the '263 patent are invalid.

28. The '788 patent fails to satisfy one or more requirements for patentability set forth in Title 35 of the United States Code, and therefore, one or more of the claims of the '788 patent are invalid.

29. The '557 patent fails to satisfy one or more requirements for patentability set forth in Title 35 of the United States Code, and therefore, one or more of the claims of the '557 patent are invalid.

30. The '822 patent fails to satisfy one or more requirements for patentability set forth in Title 35 of the United States Code, and therefore, one or more of the claims of the '822 patent are invalid.



**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: (503) 727-2000
Fax: (503) 727-2222

THIRD AFFIRMATIVE DEFENSE

(Laches)

31. Upon information and belief, Cascade has long known, or should have known, of the claims now asserted in its complaint.

32. Upon information and belief, Cascade's delay in bringing its claims against Syntek and Suss was unreasonable and inexcusable.

33. Syntek and Suss have suffered material prejudice as a result of Cascade's unreasonable and inexcusable delay in bringing suit.

34. Cascade's assertion of patent infringement of the '267 patent and demand for past damages are barred by the doctrine of laches.

35. Cascade's assertion of patent infringement of the '263 patent and demand for past damages are barred by the doctrine of laches.

36. Cascade's assertion of patent infringement of the '788 patent and demand for past damages are barred by the doctrine of laches.

37. Cascade's assertion of patent infringement of the '557 patent and demand for past damages are barred by the doctrine of laches.

38. Cascade's assertion of patent infringement of the '822 patent and demand for past damages are barred by the doctrine of laches.

FOURTH AFFIRMATIVE DEFENSE

(Equitable Estoppel)

39. Suss and Syntek repeat and reallege the allegations set forth in paragraphs 31-33, above.

40. Cascade's prior business dealings with Suss since at least August 2001 misled Suss into reasonably believing that Cascade was of the view that its patent rights were not infringed and/or would not be asserted against Suss, its customers or its sales representatives, such as Syntek.



**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: (503) 727-2000
Fax: (503) 727-2222

41. Suss and Syntek relied on Cascade's conduct and have been materially prejudiced by such reliance.

42. Cascade's claims are barred by the doctrine of equitable estoppel.

FIFTH AFFIRMATIVE DEFENSE

(Prosecution Laches)

43. Cascade is listed as the assignee on the face of U.S. Patent No. 5,457,398 ("the '398 patent"), which was filed on August 2, 1993 and which issued on October 10, 1995.

44. The application for the '882 patent was filed on October 30, 2001, and is identified as the fourth in a series of continuation applications claiming priority to the '398 patent.

45. Cascade engaged in an unreasonable delay in filing the claims of the '822 patent, which are based on the specification of the '398 patent.

46. Suss and Syntek suffered material prejudice as a result of Cascade's delay in seeking to patent the claim of the '822 patent.

47. Cascades's claims against Suss and Syntek are barred by the doctrine of prosecution laches.

SIXTH AFFIRMATIVE DEFENSE

(Breach of Contract)

48. Cascade is listed as the assignee on the face of U.S. Patent No. 5,663,653 ("the '653 patent"), which was filed on July 27, 1995 and which issued on September 2, 1997.

49. The '653 patent was the subject of a settlement agreement (the "Agreement") entered into by Suss and Cascade on August 10, 2001, that included a covenant not to sue under the '653 patent or any continuations thereof if certain conditions were met.

50. The '822 patent is identified on the face thereof as a third continuation application of the '653 patent.



**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: (503) 727-2000
Fax: (503) 727-2222

51. The '788 patent is identified on the face thereof as a continuation of the '653 patent.

52. The Agreement provides that its terms shall be confidential and subject to the Stipulated Protective Order executed by the parties and ordered by Judge Ancer L. Haggerty in the District of Oregon on June 2, 2000. The Stipulated Protective Order specifies that confidential information shall be used "only for purposes of this litigation (and any appeals thereof) and not for any other purpose whatsoever."

53. Upon information and belief, the claims of the '822 patent, filed on October 30, 2001, were drafted in view of the confidential product configuration information of Suss set forth in the Agreement, in breach of the confidentiality provisions thereof.

54. Suss has adhered and continues to adhere to the conditions set forth in the Agreement.

55. Cascade's assertion of infringement of the '788 patent and the '822 patent against Suss is a breach of the Agreement.

56. Cascade is estopped from asserting infringement of the '788 patent and the '822 patent under the terms of the Agreement.

SEVENTH AFFIRMATIVE DEFENSE

(Inequitable Conduct)

57. The application which issued as the '267 patent was filed on May 29, 1992.

58. The application that issued as U.S. Patent No. 5,266,889 ("the '889 patent"), entitled Wafer Probe Station with Integrated Environment Control Enclosure was filed by Cascade on May 29, 1992. The face of the '889 patent identifies both Warren Harwood and Paul Tervo as inventors. The face of both the '889 patent and the '267 patent identify the same attorneys of record before the PTO.

59. During prosecution of the '889 patent, the applicants and their agents were aware of a number of prior art references which disclose various controlled environment enclosures for



Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: (503) 727-2000
Fax: (503) 727-2222

probe stations and features thereof and cited such references to the United States Patent and Trademark Office ("PTO") in connection with the '889 patent. Such references include, for example: Micromanipulator Company, Inc., "Test Station Accessories," 1983; Temptronic Corporation, "Application Note 1-Controlled Environment Enclosure for Low Temperature Wafer Probing in a Moisture-Free Environment," undated; Temptronic Corporation, "Model TPO3000 Series Thermo Chuck Systems," undated; and Y. Yamamoto, "A Compact Self-Shielding Prober for Accurate Measurement of On-Wafer Electron Devices," IEEE Trans., Instrumentation and Measurement, vol. 38, pp. 1088-1093, 1989.

60. Indeed, the applicants for the '889 patent expressly discuss the prior art with respect to controlled environment enclosures for probe stations in the body of the '889 patent. *See, e.g.*, '889 patent, Col. 1, line 24 to Col. 2, line 6.

61. During prosecution of the '267 patent, which has at least two common inventors as the '889 patent, the applicants and their agents did not disclose prior art concerning various prior art that described controlled environment enclosures for probe stations that they were clearly aware of, as evidenced by the citation and discussion of such references in connection with the '889 patent. Such non-disclosed references include, for example, Micromanipulator Company, Inc., "Test Station Accessories," 1983; Temptronic Corporation, "Application Note 1-Controlled Environment Enclosure for Low Temperature Wafer Probing in a Moisture-Free Environment," undated; Temptronic Corporation, "Model TPO3000 Series Thermo Chuck Systems," undated; and Y. Yamamoto, "A Compact Self-Shielding Prober for Accurate Measurement of On-Wafer Electron Devices," IEEE Trans., Instrumentation and Measurement, vol. 38, pp. 1088-1093, 1989 (hereinafter, "non-disclosed references").

62. Upon information and belief, the non-disclosed references are not cumulative of the information before the PTO during prosecution of the '267 patent and are material to the patentability of at least independent claim 6 of the '267 patent.



**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: (503) 727-2000
Fax: (503) 727-2222

63. Upon information and belief, the withholding of the non-disclosed references from the PTO is a breach of the applicant's duty of candor before the PTO.

64. Upon information and belief, the withholding of the non-disclosed references from the patent office, which applicants and their agents were clearly aware of and which are highly material to at least claim 6 of the '267 patent, was done with the intent to deceive the PTO into issuing the '267 patent with claims that the applicant was not entitled to receive.

65. The '267 patent is unenforceable as a result of applicant's inequitable conduct before the PTO.

## COUNTERCLAIMS

(Non-Infringement, Invalidity, Inequitable Conduct, and Breach of Contract)

As for its counterclaims against plaintiff and counterclaim-defendant Cascade Microtec, Inc. ("Cascade"), Suss MicroTec Inc. ("Suss") alleges:

66. These counterclaims arise under the provisions of 28 U.S.C. §§ 2201 and 2202, whereby Suss seeks declaratory judgment of non-infringement of U.S. Patent No. 5,237,267, U.S. Patent No. 6,002,263, U.S. Patent No. 6,232,788, U.S. Patent No. 6,288,557 and U.S. Patent No. 6,492,822; invalidity of U.S. Patent No. 5,237,267, U.S. Patent No. 6,002,263, U.S. Patent No. 6,232,788, U.S. Patent No. 6,288,557 and U.S. Patent No. 6,492,822; unenforceability of U.S. Patent No. 5,237,267; and for breach of contract. This Court has subject matter jurisdiction over Suss' counterclaims pursuant to 28 U.S.C. §§ 1331, 1332, and 1338(a). Venue is proper in this District under 28 U.S.C. § 1391.

67. An actual case or controversy exists in that Cascade has asserted infringement against Suss of U.S. Patent No. 5,237,267, U.S. Patent No. 6,002,263, U.S. Patent No. 6,232,788, U.S. Patent No. 6,288,557 and U.S. Patent No. 6,492,822.

68. Suss has not directly or contributorily infringed, or induced others to infringe, any valid or enforceable claim of U.S. Patent No. 5,237,267, U.S. Patent No. 6,002,263, U.S. Patent No. 6,232,788, U.S. Patent No. 6,288,557 and U.S. Patent No. 6,492,822.



**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: (503) 727-2000
Fax: (503) 727-2222

69. The claims of U.S. Patent No. 5,237,267, U.S. Patent No. 6,002,263, U.S. Patent No. 6,232,788, U.S. Patent No. 6,288,557 and U.S. Patent No. 6,492,822 are invalid under one or more provisions of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112 and 135.

70. Suss repeats and realleges the allegations presented in paragraphs 48-56 of this Answer and Counterclaim.

71. Cascade is in breach of the Agreement entered into by Suss and Cascade on August 10, 2001.

72. Suss repeats and realleges the allegations set forth in paragraphs 57-64.

73. U.S. Patent No. 5,237,267 is unenforceable as a result of inequitable conduct.

WHEREFORE, Suss and Syntek pray that this Court issue an order that:

a. Declares that Suss and Syntek have not infringed any claim of U.S. Patent No. 5,237,267, U.S. Patent No. 6,002,263, U.S. Patent No. 6,232,788, U.S. Patent No. 6,288,557 and U.S. Patent No. 6,492,822;

b. Declares that the claims of U.S. Patent No. 5,237,267, U.S. Patent No. 6,002,263, U.S. Patent No. 6,232,788, U.S. Patent No. 6,288,557 and U.S. Patent No. 6,492,822 are invalid for failure to comply with one or more requirements of Title 35 of the United States Code;

c. Declares that U.S. Patent No. 5,237,267 is unenforceable by reason of inequitable conduct;

d. Declares that U.S. Patent No. 6,492,822 is unenforceable by reason of prosecution laches;

e. Cascade take nothing by its complaint in this action and that said complaint be dismissed with prejudice;

f. Cascade, its officers, directors, agents and assigns are enjoined from asserting that Syntek and Suss infringe U.S. Patent No. 5,237,267, U.S. Patent No. 6,002,263, U.S. Patent No. 6,232,788, U.S. Patent No. 6,288,557 and U.S. Patent No. 6,492,822;



**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: (503) 727-2000
Fax: (503) 727-2222

g. This case be deemed exceptional pursuant to 35 U.S.C. § 285 because of Cascade's inequitable conduct before the PTO in connection with the '267 patent and that Suss be awarded recovery of its attorney's fees;

h. Suss and Syntek recover their costs incurred in this action;

i. Suss be awarded appropriate damages for Cascade's breach of the Agreement; and

j. Suss and Syntek be awarded such other relief as this Court deems just and proper.

DATED: March 3, 2006.

**PERKINS COIE LLP**

By ______________________________
David A. Bledsoe
Telephone: (503) 727-2000

Paul D. Ackerman
DORSEY & WHITNEY
Telephone: (212) 415-9200

Of Attorneys for Defendants, Suss Microtec Inc. and Syntek Instrumentation & Control, Inc.



**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: (503) 727-2000
Fax: (503) 727-2222