**WILLIAM O. GENY**, OSB No. 83040
bill@chernofflaw.com
**J. PETER STAPLES,** OSB No. 79,404
pete@chernofflaw.com
**SUSAN D. PITCHFORD,** OSB No. 98091
sdp@chernofflaw.com
**CHERNOFF, VILHAUER, MCCLUNG & STENZEL, LLP**
1600 ODS Tower
601 SW Second Avenue
Portland, OR 97204-3157
Telephone: (503) 227-5631
Facsimile: (503) 228-4373

Of Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**CASCADE MICROTECH, INC.**

Plaintiff,

v.

**SUSS MICROTEC INC. and SYNTEK INSTRUMENTATION & CONTROL, INC.**

Defendants.

Case No. CV 06 0080 HA

**PLAINTIFF'S ANSWER TO COUNTERCLAIMS**

**PATENT CASE**

Plaintiff Cascade Microtech, Inc. ("Cascade Microtech") hereby provides its Answer to the Counterclaims by Defendant Suss Microtec Inc. ("Suss") and Syntek Instrumentation & Control, Inc., ("Syntek") dated March 3, 2006, in corresponding numbered paragraphs as follows:

66. Plaintiff admits these counterclaims arise under the provisions of 28 U.S.C. §§ 2201 and 2202. Plaintiff admits the Court has subject matter jurisdiction over Suss' counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a). Plaintiff admits venue is proper in this District under 28 U.S.C. § 1391. All other allegations of this paragraph are denied.

67. Admitted.

68. Denied.

69. Denied.

70. Suss repeats and realleges the allegations presented in paragraphs 48-56 of this Answer and Counterclaim.

48. Admitted.

49. Plaintiff admits the '653 patent was the subject of a settlement agreement (the "Agreement") entered into between Cascade Microtech, Suss America Inc., and Karl Suss Dresden GmbH on August 10,2001, that included a covenant not to sue under the '653 patent or any continuations thereof if certain conditions were met. Plaintiff denies that those conditions were met, and denies the other allegations of this paragraph.

50. Admitted.

51. Admitted.

52. Plaintiff admits the Agreement shall be Confidential in accordance with the terms of the Stipulated Protective Order executed by the parties and ordered by Judge Ancer L. Haggerty in the District of Oregon on June 2, 2000, except that the Agreement may be used in any proceeding between the parties without any restriction to any particular litigation or court. Plaintiff admits the Stipulated Protective Order specifies that Confidential Information disclosed in the previous litigation shall be used "only for purposes of this litigation (and any appeals thereof) and not for any other purpose whatsoever." All other allegations of this paragraph are denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

71. Denied.

72. Suss repeats and realleges the allegations set forth in paragraphs 57-64.

57. Admitted.

58. Admitted.

59. Admitted.

60. Admitted.

61. Plaintiffs admit that the '267 patent has at least two common inventors as the '889 patent, and that both applications were assigned to the same examiner. Plaintiffs deny that, during the prosecution of the '267 patent, the applicants and their agents did not disclose certain references for controlled environment enclosures for probe stations cited in the '889 patent application including Micromanipulator Company, Inc., "Test Station Accessories," 1983; Temptronic Corporation, "Application Note 1-Controlled Environment Enclosure for Low Temperature Wafer Probing in a Moisture-Free Environment," undated; Temptronic Corporation, "Model TP03000 Series Thermo Chuck Systems," undated; and Y. Yamamoto, "A Compact Self-Shielding Prober for Accurate Measurement of On- Wafer Electron Devices," IEEE Trans., Instrumentation and Measurement, vol. 38, pp. 1088- 1093, 1989, as those references were disclosed in the '889 prosecution. All other allegations of this paragraph are denied.

62. Denied.

63. Denied.

64. Denied.

73. Denied.

DATED March 13, 2006.

CHERNOFF, VILHAUER, McCLUNG
& STENZEL, LLP

/s/ Susan D. Pitchford

WILLIAM O. GENY, OSB No. 83040
J. PETER STAPLES, OSB No. 79404
SUSAN D. PITCHFORD, OSB No. 98091
Telephone: (503) 227-5631
Of Attorneys for Plaintiff